UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MA JANETTE MEDRANO,<br><br>   Plaintiff,<br><br>vs.<br><br>STARBUCKS CORP., et al.,<br><br>   Defendants. | Case No.: C-11-04846-YGR<br><br>**ORDER REGARDING DISCOVERY DISPUTE OVER PLAINTIFF'S EDD RECORDS** |

On March 21, 2012, the parties filed letters with the Court regarding their dispute concerning the release of Plaintiff's records from the Employment Development Department ("EDD"). (Dkt. Nos. 29 ("Plaintiff's Letter") & 30 ("Defendants' Letter").) Plaintiff "object[s] to releas[ing] [her] entire Employment Development Department files for disability and employment benefits." Plaintiff's Letter at 1. She contends that while Defendants are entitled to evidence supporting her injury claims, they are not entitled to all medical records relating to her injury. *Id.* (a party may seek "limited discovery" of the claims at issue in the litigation). Rather than produce the records to Defendants, Plaintiff has proposed that she receive the records and prepare a "verified document containing amounts of payments [Plaintiff] had received from EDD, and the dates of the payments, and the total payments." *Id.*

Defendants seek Plaintiff's EDD records from April 7, 2010 (the date of the accident) to the present. Defendants' Letter at 2 & Ex. B to Plaintiff's Letter. They seek this discovery to the extent that the records may contain statements by Plaintiff regarding the reasons she "quit" her employment and/or reasons she could not work, which are relevant to her claims that Defendants failed to provide

her with an accommodation and that she was a qualified individual with a disability. Defendants' Letter at 1. In addition, other discovery in this action has revealed that Plaintiff is being treated by a physician for emotional distress resulting from issues in this litigation, specifically the EDD records. *Id.*

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court FINDS as follows:

1. Defendants are entitled to Plaintiff's EDD records from April 7, 2010 to the present, *except for* those records reflecting the EDD's own analysis of Plaintiff's claims for disability or employment benefits.

2. The EDD records are relevant to the issues in this action and are reflective of, among other things, Plaintiff's statements that she made to the EDD regarding the reasons she is unable to work, her employment status, and more generally, why she believes she is entitled to benefits. *See Wesley v. Gates*, No. C 08-2719 SI, 2009 WL 1955997, at *1 (N.D. Cal. July 2, 2009) (granting defendant's motion to compel plaintiff's authorization of release of EDD records because they are "relevant to plaintiff's disability discrimination claims").

3. Plaintiff's medical records, to the extent they exist in the EDD file and relate to Plaintiff's alleged emotional distress, are relevant. Moreover, Defendants' request is limited to the date of the accident to the present and they have offered to receive the records subject to a protective order.

4. The EDD's decisions regarding Plaintiff's claims for benefits and any analysis or conclusions of statements or documents submitted by Plaintiff are *not* relevant to this action.

For these reasons, and based on the Court's understanding that these records are needed for Plaintiff's deposition noticed for April 19, 2012 (Dkt. No. 23), the Court ORDERS that:

1. Within 48 hours of this Order, Plaintiff request the records in dispute from the EDD.
2. Upon receipt, Plaintiff shall review the records and produce all relevant portions as defined above.

2

3. Plaintiff shall produce along with the relevant documents, a log identifying the nature of any document not produced, within seven (7) days of receiving the file, or by April 12, 2012—whichever is sooner. If the records cannot be obtained from the EDD and produced pursuant to the above timeframe, the Court encourages the parties to meet and confer regarding additional dates.

The hearing scheduled for March 22, 2012 is hereby VACATED.

**IT IS SO ORDERED.**

Dated: March 21, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**